HERMAN C. WOOD *vs.* CHARLES W. DICKERSON.

*Justice of Peace—Petition to Set Aside Judgment—Rule to Show Cause— Verification of Service of Summons—Certiorari.*

On a rule to show cause why a judgment should not be set aside because the transcript of the judgment filed in Prothonotary's office does not show that the service of summons was verified, the rule will be discharged. The petitioner has his remedy of *certiorari*.

(*October 30, 1900.*)

LORE, C. J., and GRUBB, J., sitting.

*James L. Wolcott* for petitioner.

*William L. Gooding* for respondent.

Superior Court, Kent County, October Term, 1900.

RULE TO SHOW CAUSE why judgment should not be set aside The defendant, Willis C. Dickerson, alleged in his petition the following :

That on the third day of July, A. D. 1900, at Clayton, Dela-

ware, John S. Casperson, a Justice of the Peace, rendered judgment by default against your petitioner and in favor of Herman C. Wood in an action of assumpsit for the sum of fifty-five dollars and twelve cents and costs of suit. That afterwards, to wit, on the twenty-fifth day of August, A. D. 1900, the transcript of said judgment was filed in the Superior Court of the State of Delaware in and for Kent County and upon said transcript, judgment was entered in said Court, said judgment being No. 141 to the April Term, A. D. 1900.

That said transcript upon which said judgment was entered by default does not show that the return of the service of summons was verified by the constable's affidavit in writing.

That said Justice of the Peace rendered said judgment against Charles W, Dickerson instead of against Willis C. Dickerson, the correct name of said defendant.

The transcript of said judgment only was in Court.

*Mr. Gooding :*—We admit that this Court in the exercise of equitable power, will inquire into the condition of the judgment ; but we hold here that this ground of exception which is taken is simply a formal defect which does not go to the substance of the judgment and is not a defect upon which the rights of the parties could be determined. It is a judgment of this Court, and a proper remedy would be a writ of error on the face of the judgment.

Grubb, J. :—This is merely a transcript of the docket. It does not show that the service of the summons was verified as the statute requires before the judgment by default was rendered. But it does not follow that if we had the writ here and examined the same that we might not find that it was verified upon the writ. The best way to get at that is to take out a writ of *certiorari* to require the Justice to send up not only the transcript of the docket entries but the whole record with the writs themselves.

Lore, C. J. :—Let the rule be discharged. The petitioner has his remedy of *certiorari*.